IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| **RUBEN GARCIA** | § | |
| | § | |
| | § | CIVIL ACTION NO. _____ |
| **VS.** | § | |
| | § | JURY DEMANDED |
| **ALLSTATE TEXAS LLOYDS** | § | |

### NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW ALLSTATE TEXAS LLOYDS, and pursuant to Rule 15, Federal Rules of Civil Procedure, and 28 U.S.C. Sections 1441 and 1332, files this its Notice of Removal and in connection therewith would respectfully show the Court the following:

**I.
BACKGROUND**

Petitioner is the Defendant in a civil action now pending in the County Court at Law No. 5, Hidalgo County, Texas, Cause Number CL-15-0466-E styled ***Ruben Garcia v. Allstate Texas Lloyds***, wherein Plaintiff seeks monetary relief for property damage, asserting claims for breach of contract and alleged violations of the Texas Insurance Code, Deceptive Trade Practices Act (DTPA), and Unfair Insurance Practices as well as claims for breach of the duty of good faith and fair dealing.

**II.
BASIS FOR REMOVAL**

The district courts of the United States have original jurisdiction over this action based on diversity of citizenship among the parties, in that the Defendant is diverse in citizenship from the Plaintiff. Defendant Allstate Texas Lloyds is not a citizen of the State of Texas.

**III.
DIVERSITY IN CITIZENSHIP**

The Plaintiff, Ruben Garcia, is domiciled in Hidalgo County, in the State of Texas, and was domiciled there at the time this action was commenced. Plaintiff was at that time and is now a citizen of the State of Texas.

Allstate Texas Lloyds, the Defendant, is a Lloyds plan, an entity engaged in the business of writing insurance on the Lloyds plan. The Lloyds plan is an unincorporated association, which is considered to have the citizenship of its members, the underwriters. Allstate Texas Lloyds was, and at the date of this Notice, remains, an association of underwriters whose individual underwriters are all residents and citizens of the States of Illinois and New Jersey[1]. The United States Supreme Court has consistently held for over one hundred years that the "citizenship of an unincorporated association [such as Allstate] is determined . . . solely by the citizenship of its members." *See Massey v. State Farm Lloyds Ins. Co. 993 F. Supp. 568, 570 (S.D. Tex. 1998); see also Gore v. Stenson, 616 F. Supp. 895, 898-899 (S.D. Tex. 1984)* The underwriters for Allstate Texas Lloyds, all reside outside the State of Texas and have continuously resided outside the State of Texas from January 1, 2009 to the present. Accordingly, diversity of citizenship exists among the parties.

## IV.
## AMOUNT IN CONTROVERSY

The amount in controversy in this action exceeds, exclusive of interests and costs, the sum of Seventy-Five Thousand Dollars ($75,000.00). No amount of damages is specified in Plaintiff's Original Petition. As further evidence of the amount in controversy, Defendant would show that the applicable policy provides dwelling limits of $180,730.00, other structures limits of $18,073.00, and contents coverage of $72,292.00. See declarations page attached as Exhibit A. In addition to policy benefits, Plaintiff seeks statutory penalties, extra-contractual damages, exemplary damages and attorney's fees. Finally, prior to litigation, submitted a demand seeking $91,381.26 plus $15,000.00

---

[1] An Affidavit regarding the citizenship of the underwriters will be supplemented.

in attorney's fees. See Exhibit B. Accordingly, considering Plaintiff's pleadings, policy limits and the damages Plaintiff would be entitled to, should he prevail, the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00).

**V.**

Removal of this action is proper under 28 U.S.C. §1441, since it is a civil action brought in a state court, and the federal district courts have original jurisdiction over the subject matter under 28 U.S.C. §1332 because the Plaintiff and Defendant are diverse in citizenship and the amount in controversy exceeds $75,000.00.

**VI.**

This notice of removal is being filed within thirty (30) days after receipt by Petitioner of Plaintiff's Original Petition, which was the first notice to Defendant of this lawsuit. This removal is filed under 28 U.S.C. Section 1446(b).

**VII.**

Petitioner's time to answer or remove with respect to the Plaintiff's Original Petition has not expired. Plaintiff's Original Petition was served on the Defendant on March 4, 2015.

**VIII.**

This action is one over which this Court has original jurisdiction under the provisions of 28 U.S.C. Section 1331 and this action may be removed to this Court by Petitioner, pursuant to the provisions of 28 U.S.C. Section 1441. Copies of all pleadings including the docket sheet on file with the State Court are attached hereto.

WHEREFORE, ALLSTATE TEXAS LLOYDS, Defendant in this action, pursuant to these statutes and in conformance with the requirements set forth in 28 U.S.C. §1446, removes this action for trial from the County Court at Law No. 5, Hidalgo County, Texas to this Court, on this 2nd day of

April, 2015.

                                        Respectfully submitted,

                                        BY:      /s/ *Rosemary Conrad-Sandoval*
                                        Rosemary Conrad-Sandoval
                                        Attorney-in-charge
                                        State Bar #04709300
                                        Federal ID #13738
                                        Jeffrey D. Roerig
                                        State Bar #17161700
                                        Federal ID #1503

                                        Of Counsel
                                        ROERIG, OLIVEIRA & FISHER, L.L.P.
                                        10225 North 10th Street
                                        McAllen, Texas   78504
                                        (956) 393-6300
                                        (956) 386-1625 (Fax)

                                        ATTORNEYS FOR DEFENDANT

## VERIFICATION

THE STATE OF TEXAS   :
:
COUNTY OF HIDALGO   :

I, ROSEMARY CONRAD-SANDOVAL, being first duly sworn, depose and say that: I am counsel for Petitioner, ALLSTATE TEXAS LLOYDS; I am familiar with the contents of the above; and to the best of my knowledge the contents thereof are true and correct.

_____
ROSEMARY CONRAD-SANDOVAL

SUBSCRIBED AND SWORN TO BEFORE ME by the said ROSEMARY CONRAD-SANDOVAL, this 2nd day of April, 2015, to certify which witness my hand and seal of office.



_____
Notary Public, State of Texas

## **CERTIFICATE OF SERVICE**

    I, the undersigned, hereby certify that a true and correct copy of the foregoing Notice of Removal has been mailed, Certified Mail, Return Receipt Requested, to the Attorney for Plaintiff, as follows:

Jose Luis Flores
LAW OFFICE OF JOSE LUIS FLORES
1111 W. Nolana
McAllen, Texas 78504

on this 2nd day of April, 2015.

                                                        /s/ *Rosemary Conrad-Sandoval*
                                                        ROSEMARY CONRAD-SANDOVAL